# Exhibit A

*Complaint*

Electronically Filed
5/4/2020 10:24 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
RAMZY P. LADAH, ESQ.
Nevada Bar No. 11405
CARL R. HOUSTON, ESQ
Nevada Bar No. 11161
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

CASE NO: A-20-814525-C
Department 16

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| CARL BONGIOVANNI, individual; | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | COMPLAINT |
| SAM'S WEST. INC. dba SAM'S CLUB #4983, a foreign corporation; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive, | |
| Defendants. | |

CARL BONGIOVANNI ("Plaintiff"), by and through his counsel of record, RAMZY PAUL LADAH, ESQ., and CARL HOUSTON, ESQ., with the LADAH LAW FIRM, and for his claims of relief against Defendants, and each of them, alleges, amends and complains as follows:

## JURISDICTION

1. At all times relevant hereto, Plaintiff was and still is a resident of Clark County, Nevada.

2. Upon information and belief, Defendant SAM'S WEST INC. ("SAM'S CLUB"), a foreign corporation, was and still is a company licensed to do business in the State of Nevada.

3. That at all times relevant herein, Defendants designated as DOES I through XXX and ROE BUSINESS ENTITIES I through XXX, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who,

200280

1  therefore, sues said Defendants by said fictitious names; Plaintiff is informed, believes and thereon
2  alleges that each of the Defendants designated as a DOES I through XXX and ROE BUSINESS
3  ENTITIES I through XXX are responsible in some manner for the events and happenings referred
4  to herein, and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave
5  of this court to amend this Complaint to insert the true names and capacities of DOES I through
6  XXX and ROE BUSINESS ENTITIES I through XXX, when the same have been ascertained and
7  to join such Defendants in this action.

## GENERAL ALLEGATIONS

8   

9  4. Plaintiff repeats and realleges each and every fact and allegation contained in this
10  Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

11  5. At all times relevant hereto, particularly on or about August 16, 2018, Defendants,
12  and each of them, either owned, managed, controlled, maintained, or in some other way was in
13  charge of the food and drinks sold within their premises, located at 7100 Arroyo Crossing Pkwy, in
14  Clark County, Nevada ("subject premises").

15  6. At all times relevant hereto, Defendants were the agents, servants, and employees of
16  each and every other Defendant and were acting within the course and scope of said employment
17  and agency.

18  7. At all times relevant hereto, Defendants were the owners, operators, managers,
19  controllers, inspectors, supervisors and controllers of the subject premises and of the common areas
20  of the subject premises.

21  8. At all times relevant hereto, Plaintiff was an invitee and guest of Defendants and was
22  legally upon its premises.

23  10. At all times relevant hereto, Plaintiff, who was a business invitee at the subject
24  premises, purchased packaged beef from Defendants and/or its agents within Defendants' premises.
25  Defendants and/or its agent advertised the packaged beef as safe to eat and sold the beef to Plaintiff
26  for consumption ("subject beef"). Upon consuming the beef (once cooked) a day later, Plaintiff
27  immediately felt ill. Plaintiff presented to the hospital wherein he learned he suffered serious food
28  poisoning due to salmonella. Plaintiff soon thereafter learned there was a recall by Defendants for

the unsafe beef sold at its stores. Plaintiff suffered serious and substantial injuries that required immediate and subsequent medical attention. Plaintiff's injuries are a direct and proximate result of Defendants' negligence regarding the handling of the subject beef, including the purchasing, inspecting, marketing and selling of the subject beef to Plaintiff.

11. At all times relevant hereto, Defendants and their employee(s) failed to provide products for consumption that were not a dangerous and/or hazardous item for the public and its invitees/guests to consume.

## FIRST CAUSE OF ACTION
### (Negligence)

12. Plaintiff repeats and realleges every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

13. At all times relevant hereto, the Defendants, and each of them, were in control of the subject premises and had a duty that includes purchasing, inspecting, marketing and selling safe products consumers like Plaintiff.

14. At all times relevant hereto, Defendants, and each of them, breached their duty in the purchasing, inspecting, marketing and selling of the subject beef to unsuspecting consumers, including Plaintiff.

15. Because of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

16. Because of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown, but currently exceeds $15,000.00. Such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. Plaintiff consequently prays for leave of Court to insert all said damages herein when the same are fully ascertained.

17. Because of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Negligent Hiring, Training, Supervision and Policies/Procedures)

18. Plaintiff repeats and reallege every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

19. Defendants, and each of them, acted negligently, among other reasons in failing to do the following:

   i. Establish and implement proper policies and procedures for employees, staff and agents working for Defendants;

   ii. Establish and implement property policies and procedures for proper purchasing, inspecting, marketing and selling of safe products;

   iii. Establish and implement property policies and procedures for warning patrons, or otherwise warning such patrons, of potentially dangerous and/or harmful products

   iv. Properly, responsibly and prudently hire employees;

   v. Properly, responsibly and prudently investigate employees before hiring them;

   vi. Properly, responsibly and prudently supervise and/or manage employees once they were hired;

   vii. Properly, responsibly and prudently train employees or instruct them as to their corresponding duties;

   viii. Properly, responsibly and prudently monitor and regulate the conduct of employees;

   ix. Properly, responsibly and prudently delegate maintenance responsibilities to employees, agents, DOE Defendants or ROE BUSINESS ENTITIES;

x. Properly, responsibly and prudently set up mechanisms to ensure that all areas are reasonably kept in proper and safe conditions.

23. Because of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

24. Because of Defendants' aforesaid negligent actions and/or failures to act, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, loss wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown, but currently exceeds $15,000.00. Such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same are fully ascertained.

25. As a result of Defendants' aforesaid negligent actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Strict Product Liability)

26. Plaintiff repeats and realleges every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

20. At all times relevant hereto, Defendants and/or its agents produced a product (packaged beef) which was defective by having salmonella within the product.

21. That such defect in Defendants' product was unreasonably dangerous, and Defendants did not have any warning signs given to Plaintiff or other members of the public that such product provided is, or would, be dangerous.

22. That such defect existed when it left Defendants and/or its agents possession and given to Plaintiff for consumption.

23. That the subject beef was consumed by Plaintiff in a reasonably foreseeable manner as intended by Defendants and/or its agents when Defendants and/or its agents created such product.

24. That the defect within the product was the direct, actual, and proximate cause of Plaintiff's injuries when Plaintiff consumed the subject beef.

25. As a result of Defendants and/or its agents defective product, Plaintiff was injured in his health, strength and activity, sustaining shock and injury to his body and person, all of which have caused, and will continue to cause, the Plaintiff physical, mental, and nervous pain and suffering.

26. As a result of Defendant's and/or its agents defective product, Plaintiff has incurred expenses for medical care and treatment, expenses incidental thereto, lost wages and loss of earning capacity, all to Plaintiff's damage, the present amount of which is unknown but currently exceeds $15,000.00. Such expenses and losses will continue in the future, all to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff prays for leave of Court to insert all said damages herein when the same are fully ascertained.

27. Because of Defendants', and/or its agents regarding the defective product, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

///

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For general damages and loss in an amount in excess of fifteen thousand dollars ($15,000.00);
2. For special damages in an amount to be determined at time of trial;
3. For economic damages in an amount to be determined at time of trial;
4. For prejudgment interest, reasonable attorney's fees and costs; and
5. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of May, 2020.

LADAH LAW FIRM

/s/ Carl R. Houston, Esq.
_____
RAMZY PAUL LADAH, ESQ.
Nevada Bar No. 11405
CARL R. HOUSTON, ESQ
Nevada Bar No. 11161
517 S. Third Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*
