**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**CARL R. HOUSTON, ESQ.**
Nevada Bar No. 11161
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| CARL BONGIOVANNI, individual;<br><br>Plaintiff,<br>vs.<br><br>SAM'S WEST, INC. dba SAM'S CLUB #4983, a foreign corporation; DOES I through XXX, inclusive and ROE BUSINESS ENTITIES I through XXX, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-01122-GMN-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Pursuant to LR 6-1 and LR 26-4, and for good cause shown, the parties, by and through their respective counsel of record hereby stipulate and agree to and jointly move this Honorable Court for an order to continue discovery by sixty (60) days as indicated below.

## I.     INTRODUCTION AND PERTINENT BACKGROUND

On August 16, 2018, Plaintiff purchased packaged beef from Defendant within Defendant's premises. Defendant advertised the packaged beef as safe to eat and sold the beef to Plaintiff for consumption. Upon consuming the beef, a day later, Plaintiff immediately felt ill. Plaintiff presented to the hospital wherein he learned he suffered serious food poisoning due to salmonella. Plaintiff soon thereafter learned there was a recall by Defendant of some beef products for concerns of salmonella contamination. Plaintiff suffered serious and substantial injuries that required immediate and subsequent medical attention. Plaintiff alleges that his injuries are a direct and

proximate result of Defendant's negligence regarding the handling of the subject beef, including the purchasing, inspecting, marketing and selling of the subject beef to Plaintiff.

Plaintiff filed his compliant in the District Court, Clark County, Nevada and Defendant removed the lawsuit to the United States District Court, District of Nevada.

On November 23, 2020, Defendant's new Counsel Joshua Evan Swiger received approval to practice in the United States District Court, District of Nevada.

Due to the transition of the attorneys for Defendant, and issues related to the Defendant's business as a result of the busy period surrounding fall and winter holidays, Plaintiff's discovery requests propounded on Defendant on October 29, 2020 remained unanswered. Plaintiff's Counsel granted Defendant an extension to January 14, 2021. The Parties have agreed to the terms of Defendant's protective order regarding requested documents and have provided them to Plaintiff.

The Parties are requesting an extension of the current discovery deadlines as they are actively participating in settlement discussions.

Currently, the deadline to disclose expert witnesses is April 5, 2021 and the Parties do not want to undergo costs to retain expert witnesses if this matter can settle.

Therefore, in an abundance of caution, the Parties are requesting an additional sixty-days to complete discovery as detailed below.

## II. DISCOVERY COMPLETED TO DATE

The parties have completed the following disclosures and discovery:

1. The Parties have served initial disclosures and supplements thereto.
2. The Parties propounded and have responded to discovery requests.
3. The Defendant has served subpoenas to Plaintiff's medical providers.
4. The Parties continue to supplement their initial disclosures.

## III. SPECIFIC DISCOVERY REMAINING TO BE COMPLETED

1. Depositions of parties and/or witnesses;
2. Expert disclosures;
3. Depositions of treating physicians,

    4.    Expert depositions;

    5.    Additional written discovery as necessary;

    6.    Disclosure of additional documents;

    7.    Subpoena/Obtain additional documents as necessary; and

    8.    The parties also anticipate that they may need to conduct other forms of discovery, though not specifically delineated herein, and anticipate doing so only on an as-needed basis.

## IV. REASON & BASIS OF EXTENSION OF DISCOVERY DEADLINES REQUEST

### Good Cause Exists to Extend Existing Discovery Deadlines

Pursuant to FRCP 16(b), a movant must establish "good cause" for amending any scheduling order, including the deadline for the close of discovery. *See* **Johnson v. Mammoth Recreations, Inc**., 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-4; **Werbicky v. Green Tree Servicing, LLC**, No. 2:12-CV-01567-JAD, 2014 WL 5470466, at *1 (D. Nev. Oct. 27, 2014).

In determining whether "good cause" exists, the Court "primarily considers the diligence of the party seeking the amendment." **Johnson**, 975 F.2d at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16). The Court may also consider the prejudice the party will suffer as a result of not obtaining that discovery, although such a factor is secondary to due diligence. *Id*. The district court has discretion in making such a determination. *Id.*

Should the Court find "good cause" exists, it must then consider whether there is a showing of excusable neglect as to why the deadline was not completed before it passed. ***Nunez***, *supra.* "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (citing **Lemoge v. U.S**., 587 F.3d 1188, 1195 (9th Cir. 2009). "There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

reason for the delay; and (4) whether the movant acted in good faith." *Id.* (citing **Bateman v. U.S. Postal Serv.**, 231 F.23d 1220, 1223-24 (9th Cir. 2000)). "The determination of whether neglect is excusable is ultimately an **equitable one**, taking account of all relevant circumstances surrounding the party's omission." *Id.* (citing **Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship**, 507 U.S. 380, 395 (1993)) (emphasis added). Based on the foregoing conveyed reasons, and throughout this stipulation, the parties contend that the circumstances in this case meet each requirement for an order to continue discovery. An examination of the **Bateman** factors also weighs in favor of granting the parties' motion to reopen and extend the discovery deadlines:

### a. The Dangers of Prejudice to the Opposing Party

Here, the analysis is simple—the parties are stipulating to continue discovery to avoid prejudice imposed upon them if the extension is denied. In fact, both parties submit they will be equally prejudiced if the Court does not grant a continuation of the discovery deadlines in this case.

### b. The Length of the Delay and Its Potential Impact on the Proceedings

Due to the reasons primarily discussed in Section (IV)(c), the parties request for an additional 60 days to complete discovery. Furthermore, the parties do not believe that the request will impact—let alone—delay a prospective trial date given the current pandemic climate and unlikeness of trial during the next few months.

### c. The Reason for the Delay

The Parties are actively participating in settlement discussions and do not want to expend additional costs to retain experts if this matter can settle.

### d. Whether Movants Acted in Good Faith

Based on the foregoing, the parties' position is that they have acted in good faith as all parties have agreed to stipulate to continue the discovery deadlines that are necessary and warranted. In the absence of a stipulation, they would equally prejudiced because they would be unable to conduct the necessary discovery to both prosecute and defend the instant case.

Finally, again, all parties participating in the litigation seek the discovery extension. Therefore, the parties respectfully submit that as joint movants, who are actively engaged in the discovery process, have acted in good faith in seeking the extension requested herein.

In sum, the parties have diligently conducted discovery and are continuing to work cooperatively to complete the remaining discovery in order to prepare for trial. Good cause exists for modification of the current scheduling order to avoid prejudice to the parties.

## V. CURRENT SCHEDULE TO COMPLETE REMAINING DISCOVERY:

| | |
|---|---|
| Motions to Amend or Add Parties: | 03/05/2021 |
| Initial Expert Disclosures: | 04/05/2021 |
| Rebuttal Expert Disclosure: | 05/05/2021 |
| Close of Discovery: | 06/04/2021 |
| Dispositive Motion Deadline: | 07/05/2021 |
| Joint Pre-Trial Order | 08/05/2021 |

## VI. ~~PROPOSED~~ SCHEDULE FOR COMPLETING DISCOVERY

| | |
|---|---|
| Motions to Amend or Add Parties: | 05/04/2021 |
| Initial Expert Disclosures: | 06/04/2021 |
| Rebuttal Expert Disclosure: | 07/06/2021 |
| Close of Discovery: | 08/03/2021 |
| Dispositive Motion Deadline: | 09/03/2021 |
| Joint Pre-Trial Order | 10/04/2021 |

## VII. CURRENT TRIAL DATE:

No trial has been scheduled in this matter. A joint ~~proposed~~ pretrial order is due on August 5, 2021, or 30 days following this Court's ruling on any dispositive motions, if filed. The parties seek additional time so that the same ~~proposed~~ pretrial order is due October 4, 2021 or 30 days after this Court's ruling on dispositive motions.

## VIII. REQUEST NUMBER:

This is the *Second* request for an extension of time to complete discovery.



Wherefore, the parties respectfully request that the Court grant this request to extend the discovery deadlines as outlined above.

**IT IS SO AGREED.**

| | |
|---|---|
| Dated this 15th day of March 2021. | Dated this 16th day of March 2021. |
| **LADAH LAW FIRM** | **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC** |
| /s/ Ramzy P. Ladah | /s/ Joshua E. Swiger |
| RAMZY P. LADAH, ESQ.<br>Nevada Bar No. 11405<br>CARL. R. HOUSTON<br>Nevada Bar No. 11161<br>517 S. Third Street<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff* | DANIELA LABOUNTY, ESQ.<br>Nevada Bar No. 13169<br>6385 S. Rainbow Boulevard, Suite 400<br>Las Vegas, Nevada 89118<br>And<br>JOSHUA E. SWIGER<br>(Admitted *Pro Hac Vice*)<br>WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC<br>3344 Peachtree Road, N.E. Suite 2400<br>Atlanta, Georgia 30326<br>*Attorneys for Defendant*<br>*Sam's West, Inc., d/b/a/ Sam's Club #4983* |

**ORDER**

Pursuant to stipulation by the parties and for good cause shown, the deadlines and discovery schedule in this case are extended and continued as follows:

| | |
|---|---|
| Motions to Amend or Add Parties: | 05/04/2021 |
| Initial Expert Disclosures: | 06/04/2021 |
| Rebuttal Expert Disclosure: | 07/06/2021 |
| Close of Discovery: | 08/03/2021 |
| Dispositive Motion Deadline: | 09/03/2021 |
| Joint Pre-Trial Order | 10/04/2021 |

**IT IS SO ORDERED.**

DATED March 17, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE